Allen, J.
 

 The question of the reasonableness of the 90-cent rate to Baltimore, which is the next to farthest station upon the New York Central line herein considered, has already been adjudicated by this court in the case of
 
 New York Central Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 116 Ohio St., 120, 155 N. E., 862. In that case it was determined that the 90-cent rate to Baltimore was reasonable. The 76-cent rate was held not to be reasonable. Since the rate is a group rate, and Baltimore, Basil, Thurston, Rushville and Pleasantville fall within the group, that holding as to Baltimore applies if conditions have not changed. In that case the Fairfield Paper Company, which consumes more than nine-tenths of all the coal transported into Baltimore, was a complainant, but in this case it does not attack the 90-cent rate.
 

 Section 535, General Code, provides:
 

 “If, upon an investigation under the provisions of this chapter, the commission finds that any existing rate or rates, fares, charges or classification, any joint rate or rates, or any regulation or practice affecting the transportation of persons or property, or service in connection therewith, are unreasonable or unjustly discriminatory, or that any service is inadequate, it shall determine and by order fix a reasonable rate, fare, charge, classification, joint rate, regulation, practice or service to be imposed, observed and followed in the future, in place of that so found to be unreasonable,
 
 *77
 
 unjustly discriminatory, or inadequate, as the case may be. A certified copy of each such order shall be delivered to an officer or station agent of the railroad affected thereby, and such order shall of its own force take effect and become operative thirty days after service thereof.”
 

 Hence under the continuing power of the Public Utilities Commission, the present rate between the points in question and the Hocking and Crooksville district No. 2 should be changed if the record demands such change. However, a careful consideration of the record shows that the order of the Public Utilities Commission is not unlawful or unreasonable. The 76-cent rate from the same loading district on the New York Central Railroad to Philo is a depressed rate allowed for the express purpose of permitting the movement of slack coal to the Ohio Power Company at Philo, in competition with barge freight movement on the Muskingum river. Hence the rate to Philo cannot be used as a yardstick by which to judge the reasonableness of the rate involved in this application. The rate to Lancaster, Ohio, from the Hocking and Athens county coal fields is not a rate upon the line of the New York Central Railroad, but upon the line of the Chesapeake & Ohio Railroad.
 

 The motortruck competition complained of between the Lancaster dealers and the complainants is not caused by the rate of the New York Central Railroad to the points in question, and hence the holding of the commission that the New York Central Railroad is not responsible for the situation prevailing at Lancaster is borne out by the record.
 

 Since the rate to Philo is a depressed rate, if a change is made, the Philo rate should be increased to 90 cents. However, if the rate to Philo were increased to 90 cents, no benefit would inure to these complainants. If the rate attacked were reduced to 76 cents because of motortruck competition between Lancaster
 
 *78
 
 and these complainants, the New York Central Railroad would be penalized for a condition which it has in no way created.
 

 As stated in the case of
 
 New York Central Rd. Co.
 
 v.
 
 Public Utilities Commission, supra,
 
 “a freight rate that does not embrace a reasonable profit over and above actual cost and expense to the carrier is not a reasonable rate.”
 

 The order of the Public Utilities Commission will be affirmed.
 

 Order affirmed.
 

 Jones, Matthias, Day, Kinkade and Stephenson, JJ., concur.
 

 Marshall, C. J., not participating.